UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RUPERT BOWEN,

                      PLAINTIFF,              **COMPLAINT**

      -AGAINST-                     **ECF CASE**

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2 and POLICE OFFICER
JOHN DOE 3, individually, and in their capacity as
members of the New York City Police Department,

                     DEFENDANTS.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Rupert Bowen ("Mr. Bowen"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 25, 2011, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Mr. Bowen to false arrest, excessive force and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Bowen, is a citizen of the United States and all times here relevant resided at 2284 Grand Avenue, Apartment 4B, Bronx, NY 10468.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), and Police Officer John Doe 3 ("PO John Doe 3"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Bowen is a married, 42 year old African American male.

11. Mr. Bowen works for SL Green Properties as a cleaner/porter in midtown, New York.

12. On or about February 25, 2011, at approximately 1:00 am, Mr. Bowen was walking along 183rd street in the Bronx, making his way home after work.

13. Mr. Bowen was wearing a hooded top and was listening to music through headphones.

14. An unmarked van pulled up beside Mr. Bowen.

15. PO John Doe 1, PO John Doe 2 and PO John Doe 3 jumped out of the van and ran towards Mr. Bowen.

16. PO John Doe 1, PO John Doe 2 and PO John Doe 3 grabbed Mr. Bowen by the arms and pinned him against the closed shutter of the adjacent storefront.

17. PO John Doe 1 interlocked his fingers with Mr. Bowen and bent Mr. Bowen's wrist back with such force that he cracked Mr. Bowen's wrist.

18. PO John Doe 2 kneed Mr. Bowen in the groin twice, causing such pain to Mr. Bowen that he briefly lost consciousness.

19. PO John Doe 1, PO John Doe 2 and PO John Doe 3 continued to beat Mr. Bowen in the neck and back.

20. Several other police officers arrived on the scene.

21. Mr. Bowen was in excruciating pain and was crying.

22. Mr. Bowen begged the police officers to stop beating him.

23. The police officers told Mr. Bowen that they attacked him because he did not take his hands out of his pockets when they asked him to do so.

24. Mr. Bowen explained that he had earphones on and had not heard them speak to him.

25. Mr. Bowen told the officers that he needed medical attention.

26. The police officers responded by handcuffing Mr. Bowen.

27. Mr. Bowen was taken in an ambulance to St. Barnabas Hospital, where he was given an MRI, CAT scan and x-rays.

28. Mr. Bowen's wrist was swollen to such an extent that the doctor could not interpret the x-ray at that time. Mr. Bowen was later diagnosed with a cracked wrist.

29. Mr. Bowen was cuffed to the hospital bed and given painkillers.

30. After several hours Mr. Bowen was taken to the 46th Precinct where he was processed.

31. Mr. Bowen was held at the 46th Precinct for several hours before being taken to Central Bookings, where again he was held for several hours.

32. On February 26, 2011, Mr. Bowen was arraigned and charged with disorderly conduct and resisting arrest.

33. Mr. Bowen pled not guilty.

34. Mr. Bowen was subsequently required to make numerous court appearances.

35. At all of the court appearances Mr. Bowen's case was adjourned to a later date.

36. In or about April, 2012, all charges against Mr. Bowen were dismissed.

37. Mr. Bowen had to return to the Hand Clinic at St. Barnabas on numerous occasions to have his wrist treated.

38. Mr. Bowen continues to suffer from pain and discomfort in his wrist and receives ongoing physical therapy.

39. Mr. Bowen suffered at work as a result of his injuries.

40. Mr. Bowen continues to feel traumatized by the events of February 25, 2011, and is wary and fearful when he sees police officers. Mr. Bowen takes efforts to avoid police officers when in public.

41. Mr. Bowen suffered at work following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

44. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

45. Defendants confined plaintiff.

46. Plaintiff was aware of, and did not consent to, his confinement.

47. The confinement was not privileged.

48. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

49. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

51. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

52. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

53. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

56. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

57. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## JURY DEMAND

58. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding $500,000.00 for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 16, 2012

By: _____
    Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075